UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY A. ROWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.  3:05-CV-114 AS |
| v.          ) | |
| ) | |
| CECIL DAVIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## *OPINION AND ORDER*

Jeffrey A. Rowe, a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983, seeking only injunctive relief against Sgt. Tina Hill, Cecil Davis, Doris Woodruff-Filbey, and J. David Donahue in their official capacities for having imposed substantial burdens on his religious exercise in violation of the Religious Land Use and Institutionalized Persons Act[1] (RLUIPA).[2] These defendants re-served their motion for summary judgment on September 20, 2005, notifying Mr. Rowe of the importance of responding to the summary judgment motion as required by N.D. IND. L.R. 56.1(e). The deadline for a response passed on October 24, 2005. Mr. Rowe has not responded to the motion. The standard for reviewing a summary judgment motion is

---

[1]     No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
    (1) is in furtherance of a compelling governmental interest; and
    (2) is the least restrictive means of furthering that compelling governmental interest.
42 U.S.C. § 2000cc-1(a).

[2] All other claims were dismissed in this court's screening order of June 16, 2005.

the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

The defendants contend that Mr. Rowe's claims, which seek only injunctive relief, are now moot since he has been released. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quotation marks and citations omitted). Here, Mr. Rowe notified the court that he has been released, but presented no evidence demonstrating that his claims are not now moot. Therefore the summary judgment motion will be granted and this case dismissed.

For the foregoing reasons, the court **GRANTS** the motion for summary judgment (docket # 27).

**IT IS SO ORDERED.**

**ENTERED: November 7 , 2005**

                                        **S/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**